FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV 04 2011
BROOKLYN OFFICE
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DYROL HARDING and TROY GIBSON
AS TRUSTEE,
                Plaintiffs,

- against -

THE CIT GROUP/CONSUMER FINANCE,
INC.; ACCREDITED HOME LENDERS,
INC.; THE BANK OF NEW YORK
MELLON f/k/a BNY AS TRUSTEE ON
BEHALF OF CIT MORTGAGE LOAN
TRUST 2007-1,
                Defendants.
----------------------------------------------------------x

**MEMORANDUM DECISION AND ORDER**

11-CV-5357 (BMC)(SMG)

**COGAN**, District Judge.

Plaintiffs bring this *pro se* action alleging "predatory lending" and "illegal bank fraud" in connection with a mortgage on property located in Brooklyn, New York. Plaintiffs seek compensatory damages and declaratory and injunctive relief. Plaintiffs further seek to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915.

This is not the first action in which plaintiffs have raised these claims. On July 29, 2011, plaintiffs filed an identical complaint and IFP application. On August 17, 2011, this Court issued an Order directing plaintiffs to amend their complaint within thirty days of the Order and to amend their IFP application within fourteen days of the Order. The Court warned that the complaint would be dismissed if plaintiffs did not comply with the Order. However, after each of this Court's four attempts to mail a copy of the Order to plaintiffs, the mail was returned as undeliverable. On September 20, 2011, the action was dismissed without prejudice because plaintiffs had not amended their complaint or their IFP applications and because the Court had no way of contacting plaintiffs. See Harding & Gibson v. The CIT Grp., 11-CV-3694 (BMC).

Although plaintiffs refer to the instant complaint as an "amended complaint," it has been docketed as a new action, the prior action having been dismissed. For the same reasons as in the prior action, plaintiffs are again directed to file an amended IFP application or pay the statutory filing fee of $350 within fourteen days of the date of this Order in order to proceed with this action.

"The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) (quoting Hobbs v. County of Westchester, et al., No. 00-8170, 2002 WL 868269, at *1 (S.D.N.Y. May 3, 2002)). A court is authorized to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Courts have found that the "purpose of this provision is to 'weed out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth.'" Hobbs, 2002 WL 868269, at *2 (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)). A district court has discretion to determine whether a plaintiff qualifies for IFP status. See, e.g., Rader v. Plan Adm'r for Comprehensive Med. Plan of Dun & Bradstreet Corp., No. 10-6035, 2011 WL 52367, at *1 (E.D.N.Y. Jan. 5, 2011).

The financial declaration forms that plaintiffs submitted are mostly blank and incomplete and do not satisfy the Court that plaintiffs are unable to pay the Court's filing fee to commence this action. Thus, their requests to proceed IFP are denied at this time. Accordingly, plaintiffs must either submit amended, fully completed IFP applications or pay the $350 filing fee within fourteen days of the date of this Order in order to proceed with this action.

## CONCLUSION

Plaintiffs are directed to file an amended IFP application or pay the statutory filing fee of $350 within fourteen days of the date of this Order in order to proceed with this action. If plaintiffs fail to comply with this order, the instant complaint shall be dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 369 S.Ct. 917 (1962)

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
November 3, 2011